

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN , 11

GROVER SELLERS

ATTORNEY GENERAL

Honorable W A Williamson
Chairman, Committee on Public Health
House of Representatives
Forty-Ninth Legislature
Austin  Texas


Dear Sir:                      Opinion No. O-6351
                               Re:  Constitutionality of House
                                    Bill No. 29, defining who
                                    shall bo regarded as prac-
                                    ticing medicine.


        We have your request for an opinion of the Attorney
General.  Said request is as follows:

        "Pursuant to instruction of the Committee on
Public Health, I submit herewith House Bill No. 29
for your opinion as to its constitutionality."

        An inspection and study of said House Bill No. 29
discloses that it is intended to amend Article 4510, Chapter 6,
Title 71 of the Revised Civil Statutes of Texas of 1925, so
that said article, from and after the effective date of the
bill, would read as follows:

        "Article 4510.

        "Any person. shall be regarded as practicing
medicine within the meaning of this law:

        "(1)  Who shall publicly profess to be a physician
or surgeon and shall treat, or offer to treat any dis-
ease or disorder, mental or physical, or any physical
deformity or injury, by any system or method, or to ef-
fect cures thereof; except a chiropractor engaged in
palpating, analyzing, and adjusting the articulations
of the human spinal column by hand only.

"(2) Or who shall treat, or offer to treat any disease or disorder, mental or physical, or any physical deformity or injury by any system or method, or to effect cures thereof and charge therefor directly or indirectly, money or other compensation; except a chiropractor engaged in palpating, analyzing and adjusting the articulations of the human spinal column by hand only."

The effect of the subsection of the bill quoted above as (1) would be to permit a chiropractor engaged in palpating, analyzing, and adjusting the articulations of the human spinal column by hand only to publicly profess to be a physician or surgeon, and to treat or offer to treat diseases or disorders, both mental and physical, as well as physical deformities and injuries, and to effect cures thereof without being regarded as practicing medicine.

The effect of the subsection of the bill labeled (2) would be that a chiropractor engaged in palpating, analyzing and adjusting the articulations of the human spinal column by hand only may treat, or offer to treat any disease or disorder, mental or physical, and any physical deformity or injury, and to effect cures thereof and charge therefor either directly or indirectly, money or other compensation without being regarded in law as practicing medicine.

Your attention is respectfully directed to Article 16, Section 31, of the Constitution of Texas, providing as follows:

"The Legislature may pass laws prescribing the qualifications of practitioners of medicine in this State, and to punish persons for malpractice, but no preference shall ever be given by law to any schools of medicine." (Emphasis ours)

The word "medicine" as used in the above referred to constitutional provision has been defined by the highest courts of our land as meaning and embracing the art of healing by whatever scientific or supposedly scientific method. The courts have held that:

"The word 'medicine' as used in the said constitutional provision meant the art of preventing, curing or alleviating diseases, and of remedying, as far as possible, results of violence or accident; the courts

have held that the word 'medicine' meant some thing or some method supposed to possess curative powers." (See the case of ex parte Collins, 57 Cr. R., page 2, opinion by Judge Brooks; affirmed by Supreme Court of United States, 32 S. Ct. 286; and cited in the late case of ex parte Halstead, 182 S. W. (2d) 479, by the Court of Criminal Appeals of Texas).

It is elementary that the Legislature, by the device of changing a definition in the Constitution, cannot amend the Constitution.

It is our opinion, and you are so advised, that House Bill No. 29 contains provisions which are expressly forbidden by the constitutional provision cited above. A provision of law providing that a chiropractor engaged in palpating, analyzing and adjusting the articulations of the human spinal column by hand only may publicly profess to be a physician or surgeon and to treat or offer to treat any disease or disorder, mental or physical, or any physical deformity or injury and to effect cures thereof, and to charge therefor and to receive compensation therefor, without subjecting himself to the pains and penalties provided in law for all others who do the things enumerated in said Article 4510, without previously having complied with the law with reference to those who so do, - plainly constitutes the giving of a preference by law to a school of medicine.

Such a bill as is House Bill No. 29, would plainly be void because in contravention of the Constitution.

We return herewith House Bill No. 29, which you sent us, and we thank you for your thoughtfulness in supplying us with a copy of said bill.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By    (s) George P. Blackburn
                    Assistant

GPB:amm:fb
Enc.
APPROVED MAR 8, 1945
(s) Grover Sellers
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY (S) WJF, CHAIRMAN